UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ACOUSTIC TECHNOLOGIES, INC.<br><br>*Plaintiff*<br><br>v.<br><br>ITRON, INC.,<br><br>*Defendant.* | :<br>:<br>:<br>: CA No. 1:10-CV-10500-NMG<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### RULE 26(f) REPORT OF THE PARTIES' PLANNING MEETING

Pursuant to Federal Rule of Civil Procedure 16(b) and Local Rules 16.1 and 16.6 of this Court, plaintiff, Acoustic Technologies, Inc. ("ATI"), and defendant, Itron, Inc. ("Itron"), submit this Joint Statement reporting upon their Fed. R. Civ. P. 26(f) conference. This Joint Statement contains a proposed pretrial schedule for this case, including a plan for discovery. It is submitted in anticipation of the October 19, 2010 initial scheduling conference.

**I.      Joint Proposed Discovery Plan And Pretrial Schedule**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1 and the Court's Notice of Scheduling Conference, lead counsel for the parties conferred via telephone and discussed: (1) the nature and basis of the parties' claims and defenses; (2) the possibilities for promptly settling or resolving the case; (3) the timing of the initial disclosures, including preliminary infringement disclosures and preliminary invalidity and non-infringement disclosures; (4) the timing of and procedure for the claim construction hearing; (5) the need for tutorials on the relevant technology; (6) the identification of dispositive issues that may lead to an early resolution of the litigation; (7) whether the court should authorize the filing under seal of any documents that contain confidential information; (8) the preservation of discoverable

information; and (9) the finalization of the proposed pretrial schedule and discovery plan.  In addition, counsel:  (1) prepared an agenda of matters to be discussed at the scheduling conference (which has been filed contemporaneously herewith); and (2) considered whether they will consent to trial by Magistrate Judge.

Itron has moved to dismiss the Complaint and that motion is scheduled to be heard on October 19th.  Counsel for the parties have agreed upon proposed deadlines for the completion of the initial phases of pretrial discovery.  Specifically, the parties propose that the Court adopt the following specific deadlines:

    A.    **Preliminary Disclosures**

        1.    **Rule 26(a) Disclosures**

The parties will make their initial disclosures no later than November 19, 2010.

        2.    **Preliminary Infringement Disclosure**

No later than November 29, 2010, ATI shall serve and file preliminary disclosure of the claims infringed.  ATI shall specify which claims are allegedly infringed and identify the accused product(s) or method(s) that allegedly infringe those claims.  ATI shall also specify whether the alleged infringement is literal or falls under the doctrine of equivalents.  If ATI has not already done so, ATI shall produce all documents supporting its contentions and/or identify any such supporting documents produced by Itron.  Such disclosures may be amended and supplemented up to thirty (30) days before the date of the Markman Hearing.  After that time, such disclosures may be amended or supplemented only pursuant to ¶ E(1) or by leave of court, for good cause shown.

ATI may use a table such as that represented below.

| CLAIM LIMITATION | ACCUSED COMPONENT | BASIS OF INFRINGEMENT CONTENTION |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

### 3. Preliminary Invalidity and Non-Infringement Disclosures

No later than January 31, 2011, Itron shall serve and file Preliminary Invalidity and Non-Infringement Contentions. Itron shall identify prior art that anticipates or renders obvious the identified patent claims in question and, for each such prior art reference, shall specify whether it anticipates or is relevant to the obviousness inquiry. If applicable, Itron shall also specify any other grounds for invalidity, such as indefiniteness, best mode, enablement, or written description. If Itron has not already done so, Itron shall produce documents relevant to the invalidity defenses and/or identify any such supporting documents produced by ATI. Further, if Itron has not already done so, Itron shall produce documents sufficient to show operation of the accused product(s) or method(s) that ATI identified in its preliminary infringement disclosures. Such disclosures may be amended and supplemented up to thirty (30) days before the date of the Markman Hearing. After that time, such disclosures may be amended or supplemented only pursuant to ¶ E(1) or by leave of court, for good cause shown, except that, if ATI amends or supplements its preliminary infringement disclosures, Itron may likewise amend or supplement its disclosures within thirty (30) days of service of the amended or supplemented infringement disclosures.

Itron may use the charts shown below.

| CLAIM LIMITATION | PRIOR ART OR OTHER EVIDENCE | BASIS OF INVALIDITY CONTENTION |
|---|---|---|
|  |  |  |
|  |  |  |

| CLAIM LIMITATION | ACCUSED COMPONENT | BASIS OF NON-INFRINGEMENT CONTENTION |
|---|---|---|
|  |  |  |

### B. Amendment of Pleadings

All motions to amend the pleadings, including to name additional parties, shall be filed and served no later than February 28, 2011.

### C. Claim Construction Proceedings

(1) No later than May 30, 2011, the parties shall simultaneously exchange a list of claim terms to be construed and proposed constructions.

(2) No later than June 20, 2011, the parties shall simultaneously exchange and file preliminary claim construction briefs. Each brief shall contain a list of terms construed, the party's proposed construction of each term, and evidence and argument supporting each construction. Absent leave of court, preliminary claim construction briefs shall be limited to twenty five (25) pages, double spaced, of at least 12-point Times New Roman font or equivalent, including footnotes.

(3) No later than July 1, 2011, the parties shall simultaneously exchange reply briefs. Absent leave of court, reply briefs shall be limited to fifteen (15) pages, double spaced, of at least 12-point Times New Roman font or equivalent, including footnotes.

(4) No later than July 15, 2011, the parties shall finalize the list of disputed terms for the court to construe. The parties shall prepare and file a joint claim construction and prehearing statement (hereafter the "joint statement") that identifies both agreed and disputed terms.

(a) The joint statement shall note the anticipated length of time necessary for the claim construction hearing and whether any party proposes to call witnesses, including a statement that such extrinsic evidence does not conflict with intrinsic evidence.

(b) The joint statement shall also indicate whether the parties will present tutorials on the relevant technology, the form of such tutorials, and the timing for such tutorials in relation to the claim construction hearing. If the parties plan to provide tutorials in the form of briefs, declaration, computer animations, slide presentations, or other media, the parties shall exchange such materials five (5) days before the claim construction hearing. In the alternative, the parties may present tutorials through presentations by the attorneys or experts at the claim construction hearing.

(c) The joint statement shall include a proposed order in which parties will present their arguments at the claim construction hearing, which may be term-by-term or party-by-party, depending on the issues in the case.

D. **The Claim Construction Hearing ("Markman Hearing")**

The Court shall schedule a hearing date promptly after the filing of the joint claim construction statement.

E. **After the Hearing**

(1) If necessary, the parties may amend their preliminary infringement/non-infringement and invalidity disclosures, noting whether any infringement or invalidity contentions are withdrawn, within thirty (30) days after the Court's ruling on the claim construction.

(2) If the fact discovery period has expired before a ruling on claim construction, and upon motion or stipulation of the parties, the Court may grant additional time for discovery. Such additional discovery shall be limited to issues of infringement, invalidity, or unenforceability dependent on the claim construction.

(3) If expert discovery has been substantially conducted before the claim construction ruling, then the Court may grant additional time for supplemental expert discovery. Such additional discovery shall be limited to issues of infringement, invalidity or unenforceability dependent on the claim construction.

## F. Fact Discovery

Fact discovery will be completed no later than thirty (30) days after the Court's ruling on claim construction. The parties shall file and serve all fact discovery motions, including motions to compel and motions for a protective order, no later than forty (40) days after the Court's ruling on claim construction.

## G. Expert Discovery

(1) By the later of August 8, 2011 or sixty (60) days after the Court's ruling on claim construction, each party shall disclose expert witnesses on issues for which the party has the burden of proof and serve reports for those experts in accordance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Massachusetts.

(2) By the later of September 8, 2011 or thirty (30) days after service of the opposing party's expert reports, each party shall serve a rebuttal expert report in accordance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Massachusetts.

(3) Expert discovery shall be completed by the later of October 10, 2011 or thirty (30) days after service of the rebuttal expert reports.

**H.  Motions for Summary Judgment**

(1) Motions for summary judgment or other dispositive motions shall be filed and served no later than fourteen (14) days after the completion of expert discovery.

(2) Oppositions shall be filed and served thirty (30) days after the filing of any dispositive motion.

(3) Reply briefs shall be filed and served fourteen (14) days after the filing of the Opposition.

**II.  Trial before a Magistrate Judge**

The parties do not both consent to have this case tried by a jury before a Magistrate Judge.

**III.  Alternative Dispute Resolution**

The parties plan to meet on Friday, October 15, 2010, in Chicago, Illinois for the purpose of discussing settlement and the possibility of alternative dispute resolution.

**IV.  Additional Matters**

The parties agree to promptly confer about the form in which electronically stored information shall be produced.  Furthermore, the discovery event limitations set forth in Local Rule 26.1(C) shall apply.  However, the limitation on the number of depositions set forth in Local Rule 26.1(C) shall apply only to fact witnesses.

Case 1:10-cv-10500-NMG Document 20 Filed 10/13/10 Page 8 of 11

Respectfully submitted,

Dated: October 13, 2010  BY: /s/ Steven W. Kasten
Steven W. Kasten
YURKO, SALVESEN & REMZ, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108
Tel:   (617) 723-6900
Fax:   (617) 723-6905

and

Robert W. Hayes, Esquire
(Pro Hac Vice)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Tel:   (215) 665-2000
Fax:   (215) 665-2013

*Attorneys for Plaintiff Acoustic Technologies, Inc.*

BY: /s/ Ramsey M. Al-Salam
Ramsey M. Al-Salam
William D. Fisher
PERKINS COIE LLP
1201 Third Avenue
40th Flr.
Seattle, WA 98101
Tel:   (206) 359-6385

And

Kurt B. Gerstner
CAMPBELL, CAMPBELL, EDWARDS
 & CONROY, PC
One Constitution Plaza
Boston, MA 02129
Tel:   (617) 241-3000
Fax:   (617) 241-5115

*Attorneys for Defendant Itron, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ACOUSTIC TECHNOLOGIES, INC. : | |
| : | C.A. NO.: 1:10-CV-10500-NMG |
| *Plaintiff* : | |
| v. : | |
| ITRON, INC. , : | |
| *Defendant.* : | |

## PROPOSED SCHEDULING CONFERENCE AGENDA

Plaintiff, Acoustic Technologies, Inc. ("ATI") and defendant, Itron, Inc. ("Itron) hereby jointly submit this Proposed Scheduling Conference Agenda in accordance with Local Rule 16.1(b), and recommend that the matters to be discussed during the Initial Scheduling Conference be as follows:

1.     Itron's Motion to Dismiss for lack of standing.

2.     The parties' Rule 26(f) Report and their respective positions on the scope, duration and staging of discovery.

3.     The parties anticipate that confidential research, development, or commercial information may be sought during discovery. Accordingly, it is likely that the parties will move for a protective order with respect to such documents at some point during discovery.

4.     The parties agree that they will revisit the issue of whether tutorials on the relevant technology is necessary following the claim construction hearing.

Respectfully submitted,

Dated: October 13, 2010  BY: /s/  Steven W. Kasten
Steven W. Kasten
YURKO, SALVESEN & REMZ, P.C.
One Washington Mall, 11th Floor
Boston, MA 02108
Tel:   (617) 723-6900
Fax:   (617) 723-6905

and

Robert W. Hayes, Esquire
(Pro Hac Vice)
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Tel:  (215) 665-2000
Fax:  (215) 665-2013

*Attorneys for Plaintiff Acoustic Technologies, Inc.*

BY: /s/ Ramsey M. Al-Salam
Ramsey M. Al-Salam
William D. Fisher
PERKINS COIE LLP
1201 Third Avenue
40th Flr.
Seattle, WA 98101
Tel:   (206) 359-6385

and

Kurt B. Gerstner
CAMPBELL, CAMPBELL, EDWARDS & CONROY, PC
One Constitution Plaza
Boston, MA 02129
Tel:   (617) 241-3000
Fax:   (617) 241-5115

*Attorneys for Defendant Itron, Inc.*

PHILADELPHIA\5749310\1 233142.000