United States District Court
District of Massachusetts

```
                                   )
ACOUSTIC TECHNOLOGIES, INC.,        )
          Plaintiff,                )
                                    )
     v.                             )    Civil Action No.
                                    )    10-10500-NMG
ITRON, INC.,                        )
          Defendant.                )
                                    )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendant Itron, Inc. ("Itron") moves to dismiss this patent infringement action on the grounds that plaintiff Acoustic Technologies, Inc. ("ATI") is merely a co-owner of the patents in suit, that the other co-owner has not joined in the suit and therefore the plaintiff lacks standing and this Court is without subject matter jurisdiction.

The motion to dismiss was referred to Magistrate Judge Marianne Bowler, who issued a Report and Recommendation ("R&R") in December, 2010, recommending that the motion be denied without prejudice. Both plaintiff and defendant have filed objections to the R&R and responses to each other's objections.

Plaintiff's objections are unpersuasive and simply reiterate arguments already considered by Magistrate Judge Bowler. Defendant's primary objection with respect to the issue of collateral estoppel is, on the other hand, well taken.

-1-

Magistrate Judge Bowler concluded that Itron's position appears to raise an issue of defensive use of collateral estoppel but that Itron failed to meet its burden of showing that the arbitration decision and the finding that ATI was a co-owner can be used defensively against ATI. Itron argues in its objections that ATI has offensively asserted the arbitration decision as its sole basis for standing in this case and thus lacks standing because in that decision the arbitrator also determined that ATI was a "co-owner". Itron contends that ATI is bound by the arbitration decision under the doctrine of collateral estoppel.

As the plaintiff, ATI bears the burden of establishing it has standing to bring this action. See Sicom Sys., Ltd. v. Agilent Techs., Inc., 427 F.3d 971, 976 (Fed. Cir. 2005). Because ATI relies exclusively on the arbitrator's decision, which held that ATI has a contractual right to co-ownership, it has failed to establish that it has standing to bring suit. As a co-owner of the patents in suit, ATI must join the other co-owners to establish standing and proceed in this action. See Enovsys LLC v. Nextel Commc'ns, Inc., 614 F.3d 1333, 1341 (Fed. Cir. 2010). The Court will, therefore, sustain defendant's objections, allow its motion to dismiss for lack of standing and dismiss the case without prejudice.

# ORDER

In accordance with the foregoing,

1) Report & Recommendation (Docket No. 22) is, in all respects except as to the issue of collateral estoppel, **ACCEPTED AND ADOPTED**;

2) plaintiff's Objection to the R&R (Docket No. 23) is **OVERRULED**; and

3) defendant's Objection to the R&R (Docket No. 24) is **SUSTAINED**.

Accordingly, defendant's Motion to Dismiss for Lack of Standing (Docket No. 9) is **ALLOWED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated March 18, 2011